THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TARIQ AHMAD,<br><br>                            Plaintiff,<br><br>v.<br><br>PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION,<br><br>                            Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 4:19-cv-00082-DN<br><br>District Judge David Nuffer |

This order grants the Motion to Dismiss[1] the Complaint.[2] Because there is no conceivable opportunity for relief, this order does not grant leave to amend.

## THE COMPLAINT

Plaintiff's complaint claims federal question jurisdiction to declare "that pursuant to 42 CFR 192.3 [the Paradox Pipeline] is not a transmission line."[3] He alleges "[t]he Paradox Pipeline is operated by Pacific Energy & Mining Company in Grand County, Utah"[4] and "Plaintiff . . . is a resident of the State of Nevada and is a practicing petroleum Engineer who has designed constructed and operated natural gas pipelines in [sic] around the world."[5] Neither the Complaint nor any papers filed on this motion further identify the Plaintiff Tariq Ahmad or his connection to the Paradox Pipeline.

---

[1] Docket no. 10, filed December 10, 2019.

[2] Complaint, docket no. 1, filed October 3, 2019.

[3] *Id.* at 2.

[4] *Id.* ¶4.

[5] *Id.* ¶2.

## THE MOTION TO DISMISS

The Motion to Dismiss alleges a lack of Article III standing; sovereign immunity; and exclusive jurisdiction of the Court of Appeals for the District of Columbia Circuit or the Ninth Circuit, where Mr. Ahmad resides, for review of actions of the Defendant Pipeline and Hazardous Materials Safety Administration (PHMSA).[6] Briefing revealed that Mr. Ahmad is not seeking a review of any action of PHMSA, but is rather seeking to compel PHMSA to interpret 49 CFR § 192.3:

> Here Plaintiff's complaint is not about a final agency action, it is a complaint for the court to force the Agency to make a determination pursuant to 42 CFR 192.3 specifically stating that under Federal rules, Paradox Pipeline is not a transmission line. . . . The court here can construe plaintiffs complaint as a writ of mandamus . . . .[7]

He provides no evidence that "he requested PHMSA to make the determination pursuant to their rules,"[8] but this order will assume he did so.

## DISCUSSION

### The Court Lacks Subject Matter Jurisdiction

The first question a federal court must consider is subject matter jurisdiction, which is lacking here. Plaintiff claims federal question jurisdiction,[9] but PHMSA's motion papers attach a decision of the Utah Public Service Commission in which it declares that "that PEMC is operating an intrastate natural gas transmission pipeline . . . ."[10] The Utah Public Service Commission made the determination which aggrieves Plaintiff Ahmad, and this court has no

---

[6] Motion to Dismiss at 1.

[7] Opposition to Motion to Dismiss (Opposition) at 3, docket no. 11, filed December 26, 2019.

[8] *Id.*

[9] Complaint, ¶1.

[10] Utah Public Service Commission Order Denying PEMC'S Motion to Dismiss for Lack of Jurisdiction, and Notice of Hearing (PSC Order) (in Utah PSC docket no. 18-2602-01) at 8, docket no. 10-1, filed December 10, 2019.

jurisdiction over that agency. Under 49 U.S.C. §§ 60105-60106 (2012), Utah has assumed safety authority over intrastate gas and hazardous liquid pipelines through a certificate and agreement with PHMSA.[11]

Further, while the PSC Order referenced "49 C.F.R. § 192.3 (2017), which Utah Admin. Code R746-409-1(B)(3) incorporates by reference," [12] the interpretation of a federal regulation *incorporated by reference* in a state regulation, administered by a state agency does not raise a federal question.[13]

This court lacks subject matter jurisdiction as no federal question is presented.

## Plaintiff Lacks Article III Standing

Plaintiff cites *Lujan v. Defs. of Wildlife* for the requirement of standing. The case identifies three elements – (i) injury in fact, (ii) caused by the defendant, (iii) that can be redressed by a favorable decision. Plaintiff's claim lacks all three elements.

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."[14]

Plaintiff's complaint does not plead – and his papers have not alleged – that he has any connection to the Paradox Pipeline. He does not claim any personal effect of the status of that pipeline.

---

[11] https://www.phmsa.dot.gov/working-phmsa/state-programs/state-programs-overview (last visited June 19, 2021); Utah Code Ann. § 54-13-2.

[12] *Id.* at 7.

[13] *Hanna v. CFL Pizza, LLC*, No. 6:11–cv–1837–Orl–22 DAB, 2012 WL 515875 at*6 (D. M. Fla. Jan. 30, 2012).

[14] 504 U.S. 555, 560–61 (1992) (citations omitted).

Because the decision that the Paradox Pipeline is a transmission line is a decision of a Utah State agency, the PHMSA is a stranger to Plaintiff's dispute. If there were an injury, it would "be 'fairly ... trace[able] to . . . the independent action of some third party not before the court . . . .'"[15]

Finally, because PHMSA is a stranger to the decision giving rise to the grievance, this action can provide no redress to him.

Plaintiff lacks Article III standing because he fails to meet any of the *Lujan* criteria.

### The APA Provides No Relief for Plaintiff

Mr. Ahmad's action would be barred by sovereign immunity. Under the Administrative Procedure Act, Congress waived sovereign immunity to permit actions to "compel agency action unlawfully withheld or unreasonably delayed."[16] Mr. Ahmad has not shown any agency action that PHMSA withheld or delayed or that the law requires PHMSA to respond to his purported request to determine that the Pipeline is not a transmission line. Therefore, sovereign immunity, if jurisdiction existed, and if he had standing, would bar this suit.

---

[15] *Lujan* at 560-61.

[16] 5 U.S.C. § 706(1).

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[17] is GRANTED. This action is dismissed without prejudice. The Clerk is directed to close this action.

Signed June 21, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[17] Docket no. 10, filed December 19, 2019.